IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JACKSON MILLER.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **V.** ) | **CIVIL ACTION NO.** |
| ) | |
| **DELOITTE SERVICES, LP,** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

## COMPLAINT

Comes now Jackson Miller ("Plaintiff") by and through counsel and, if required, by and through Next Friend Wanda Padgett, and states his cause of action against Deloitte Services, LP as follows:

1. Plaintiff, Jackson Miller, is a citizen of the United States and resides at 307 4th Avenue, Columbia, Maury County, TN 38401.

2. Deloitte Services, LP, ("Defendant") is a Corporation with its Principal Office located at 1633 Broadway, New York, NY 10019-6754. Defendant is authorized to do business in the State of Michigan and the State of Tennessee. Defendant's place of business in Tennessee is 4022 Sells Drive, Hermitage, Davidson County, TN 37076.

3. Defendant may be served with process through its registered agent, Corporation Service Company, at 2908 Poston Ave., Nashville, TN 37203.

4. Lawrence Miller, (hereinafter referred to as "Decedent"), died on June 3, 2013 in Wayne County, Michigan.

5. Plaintiff, born on January 13, 1987, is Decedent's son.

6. Defendant employed Decedent.

7. This action arises out of a group life insurance policy entered into by MetLife Insurance Company ("MetLife") with Decedent. Decedent entered into this insurance plan through his employer, Defendant. While Decedent obtained the policy through MetLife, Defendant acted as the intermediary between MetLife and Decedent.

8. Plaintiff was designated by Decedent as a beneficiary under his plan as evidenced by a change of beneficiary form found by Plaintiff's next friend after Decedent's death, which was sent by Decedent to Plaintiff's mother, Melissa Underwood Miller (hereinafter "Underwood") , attached hereto as Exhibit A.

9. Phyllis Frevik (hereinafter "Frevik") is the widow of Decedent, and, upon information and belief, is a resident of Wayne County, Michigan, residing at 16981 Carlisle Street, Detroit, Michigan, 48205.

10. Underwood is the ex-wife of the Decedent, having been divorced as of June 30, 2005 in Williamson County, Tennessee, Case No.29611, and resides in Maury County, Tennessee, at 307 4th Avenue, Columbia, TN 38401.

11. Decedent was required to name Plaintiff the beneficiary of a life insurance policy in the amount of $500,000 as provided by The Final Decree of Divorce between Underwood and Decedent that was entered on June 30, 2005. Exhibit B.

12. The Final Decree of Divorce incorporated the Mother's Proposed Parenting Plan and the Court's Findings of Fact and Conclusions of Law set forth in the Court's Memorandum Opinion. The Proposed Parenting Plan is attached hereto as Exhibit C.

13. Per page Six of the Findings of Fact and Conclusions of Law, Decedent was required to maintain "life insurance in the amount of $500,000, naming Jackson as the sole

beneficiary." The Findings of Fact and Conclusions of Law is attached hereto as Exhibit D.

14. The group universal life insurance policy that is the subject of this lawsuit was issued by Defendant to Decedent while Decedent was employed by Defendant.

15. The policy in question is not subject to ERISA, upon information and belief, as it falls within the safe harbor provisions because:

    (1) No contribution was made by Defendant;

    (2) Participation in the program was completely voluntary for Decedent

    (3) The sole functions of Defendant with respect to the program are, without endorsing the program, to permit MetLife to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to MetLife; and

    (4) Defendant received no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues collections.

16. Decedent named Jackson Miller as the beneficiary of the life insurance policy to comply with the Divorce Decree. This is evidenced by the Beneficiary Designation Change that Decedent obtained from Defendant, and was advised to mail back to Defendant. *See* Exhibit A.

17. Anna Mokrzec, a former wife of Decedent, was divorced from Decedent at the time of his death, and, upon information and belief, her share of the proceeds would pass to Plaintiff under Exhibit A.

18. After Decedent's death, Plaintiff attempted to obtain the benefit of Decedent's life insurance policy. MetLife contacted Defendant regarding who was the proper beneficiary to the Policy and Defendant indicated that there was no designation of beneficiary for Decedent's Policy. Exhibit E.

19. Upon information and belief, Defendant only reviewed the 2009 modification of Decedent's insurance to disability status, and did not consider Decedent's beneficiary designations prior to the 2009 modification to disability status. Exhibit F.

20. Relying on this incorrect information from Defendant, MetLife denied Plaintiff's request. Exhibit G.

21. Defendant should be held liable for MetLife's release of the funds to Frevik because Defendant was on notice of Plaintiff as the correct and proper beneficiary and acted as intermediary between Decedent and MetLife.

22. Plaintiff remains entitled to the proceeds of the life insurance policy.

23. Defendant acting as an intermediary between Decedent and MetLife had a fiduciary duty to ensure that MetLife received the proper information it needed to designate the correct beneficiary under Decedent's policy.

24. Plaintiff suffers from health and developmental problems since his premature birth and has an IQ of 54 and is unable to live independently.

## COUNT I – BREACH OF IMPLIED CONTRACT AGAINST DELOITTE SERVICES, LP

25. Paragraphs 1-24 are incorporated herein.

26. Plaintiff is named as the beneficiary of Decedent's life insurance policy and the individual Policy with MetLife.

27. Defendant advised MetLife that no beneficiary designation existed.

28. MetLife issued a denial letter to Plaintiff indicating that because Decedent did not have a named primary beneficiary on his Policy, it was denying payment of the Policy benefit to Plaintiff.

29. In reliance upon Defendant's statement that no beneficiary designation was available, MetLife failed to pay Plaintiff the Policy benefit at issue.

30. At all times material hereto Plaintiff . and upon information and belief, Decedent, complied with all conditions precedent to entitle him to benefits under the Policy, however, MetLife refused to pay him the Policy benefit due to Defendant's failure to submit to MetLife the Change of Beneficiary Form, which Decedent filled out, listing Plaintiff as Beneficiary.

31. Acting as an intermediary between Decedent and MetLife, Defendant bears the burden of ensuring that information submitted to it by Decedent was transferred to MetLife in order to keep the policy relevant and up to date.

32. As a direct result of Defendant's failure to inform MetLife of Decedent's change in beneficiary designation, Plaintiff has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

33. The Policy beneficiary change was required to be mailed to Deloitte Services, LP, PSN Benefits, 4022 Sells Drive, Hermitage, TN 37076. Upon information and belief, Decedent made his beneficiary change on January 15, 2007.

34. All denials of the Policy benefit to Plaintiff occurred in the State of Tennessee, which is where Decedent was required to deliver the Policy change form, and, upon information and belief, Decedent complied with this requirement.

5

35. At all times material hereto, the Policy was in full force and effect.

36. At all times material hereto, Plaintiff complied with all conditions precedent to entitle him to the Policy benefit, and to require MetLife to pay the benefit owed to him under the Policy.

37. Despite Plaintiff's, and, upon information and belief, Decedent's compliance with all conditions precedent to entitle him to the Policy benefit, MetLife failed and refused to provide Plaintiff with the Policy benefit due to the negligence of Defendant and Defendant has breached its contractual obligations owed to Plaintiff.

38. Plaintiff is entitled to the Policy benefit and any such damages as he may prove because of the Defendant's failure to pay the benefit owed to him under the Policy.

39. As a direct and proximate result of such breach of contract by Defendant, Plaintiff has sustained damages including but not limited to: loss of the Policy benefit due and owing to him, which at the time of filing this Complaint exceeded $75,000; losses as a result of the Defendant's failure to pay the Policy benefit to him; Interest on the Policy benefit owed; Costs and Attorneys' Fees incurred as a result of pursuing his claim under the Policy with Defendant and the filing of this lawsuit.

## COUNT II – NEGLIGENCE AGAINST DELOITTE SERVICES, LP

40. Paragraphs 1-39 are incorporated herein.

41. At all times material hereto, upon receipt of the change of beneficiary designation information from Decedent intended to effectuate a change of beneficiary designation under the Policy, Defendant had a duty to notify MetLife of the information received from Decedent intending to effectuate a change of beneficiary designation under the

Policy, or, alternatively, to notify Decedent that it would not be advising MetLife of the change of beneficiary designation information submitted by Decedent to Defendant.

42. Defendant, upon receipt of the change of beneficiary designation information from Decedent, failed to notify MetLife of the updated information received from Decedent. Defendant failed to notify Decedent that Defendant was not accepting the change of beneficiary form.

43. Defendant's failure to notify MetLife of the information received from Decedent intended to effectuate a change of beneficiary designation under the Policy, and Defendant's failure to notify Decedent as such breached a duty Defendant owed to Decedent.

44. Had Defendant sent the beneficiary form signed by Decedent to MetLife, Plaintiff would have received at least $500,000 in life insurance policy proceeds.

45. As a consequence of Defendant's negligence and breach of duty to Decedent and Plaintiff, Defendant is liable to Plaintiff for the full Policy benefit plus interest, as well as all consequential and other damages resulting from Defendant's negligence and breach of duty to Decedent and Plaintiff.

WHEREFORE, Plaintiff hereby prays that the following relief be granted to him:

    A. Actual damages in excess of $500,000, as the court or jury may deem appropriate for the Defendant's negligence and breach of duty to Plaintiff, including the full Policy benefit plus interest;

    B. All damages suffered by Plaintiff as a result of the Defendant's negligence and breach of duty to Plaintiff;

C. Attorney's fees, interest, and costs to the extent allowed under the law against Defendant; and/or

D. Such other and further relief as this Court deems just and proper against Defendant.

WHEREFORE, Plaintiff respectfully requests this Court to declare that Plaintiff is the rightful beneficiary of the Policy benefit and to award Plaintiff the Policy benefit to which he is entitled, as well as interest, attorneys' fees and costs, and grant such other relief as this Court deems just and proper.

Plaintiff, by and through his undersigned counsel, demands trial by jury as to all issues so triable.

Respectfully Submitted by,

s/Charles Michels
Charles Michels, BPR# 031232
Gino Marchetti, BPR # 5562
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
(615) 320-3225
cmichels@tpmblaw.com